UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROY EDWARD CLINE, :
:
    Plaintiff, :
:
    vs. : No. 3:14cv1983(SRU)(WIG)
:
LAND AND SEA BROKERS INC, :
ELEFTHERIA ZERVOUDAKIS, :
SONNY SIRAVO, :
TRADEWINDS AUTO TRANSPORT LLC, :
WILLIAM FOWLER, and :
JOHN DOE :
:
    Defendants. :
-----------------------------------------------------------------X

## **RECOMMENDED RULING OF DISMISSAL**

Plaintiff Roy Edward Cline has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 [Doc. #2]. Plaintiff's action arises out of a used car he purchased from Land and Sea Brokers Inc., a company located in Florida. Plaintiff alleges that, while he was told the car was in good condition, when the car was delivered to him in Connecticut it was a "junk and salvage" car only. Compl. at 3. The complaint appears to suggest that Plaintiff filed this action in an attempt to bring to light alleged criminal activities of the Defendants.

Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon his economic status. 28 U.S.C. §1915. Based upon the Court's review of Plaintiff's financial

1

affidavit, the Court concludes that Plaintiff's motion to proceed *in forma pauperis* should be granted.

Second, the Court must determine whether the cause of action is frivolous, malicious, or without merit.  28 U.S.C. §1915(e)(2)(B).  This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added).  The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning.  A claim is said to be frivolous if it does not have an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court, by using this term as required, does not intend to diminish what the Plaintiff experienced or its impact upon him.

## Discussion

Here, the complaint appears to allege that Defendants are engaging in a criminal conspiracy.  The complaint does not cite to any particular criminal conspiracy statute.  However, as a general rule, a private individual is only able to bring a suit under a federal statute if Congress "specifically intended to create a private right of action." *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (citing *Gonzaga Univ. v. Doe,* 536 U.S. 273, 283 (2002); *Alaji Salahuddin v. Alaji,* 232 F.3d 305, 308, 311–12 (2d Cir. 2000)).  There is no private right of action under federal criminal conspiracy statues.  *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994) (no private right of action under 18 U.S.C. § 242); *Didio*, 191 F. App'x at 14 (no private right of action under 18 U.S.C. § 241).  As such, these claims should be dismissed.

The complaint also appears to allege that Defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.  RICO does

contain a private right of action: *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008) ("RICO's private right of action is contained in 18 U.S.C. § 1964(c), which provides in relevant part that '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.'"  To state a claim under RICO, a plaintiff must plead "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999).  A "pattern of racketeering activity requires at least two acts of racketeering activity." *Fresh Meadow Food Servs., LLC v. RB 175 Corp.*, 282 F. App'x 94, 97 (2d Cir. 2008).  These two acts must be "related to one another and amount to or pose a threat of continued criminal activity." *Id.*  A plaintiff must also plead "injury to business or property as a result of the RICO violation." *Anatian* at 88.

Here, Plaintiff's complaint fails to state a claim for a RICO violation.  There are no facts alleging that these particular Defendants were an enterprise which was engaged in a pattern of racketeering activity.  Accordingly, these claims should also be dismissed.

Conclusion

Accordingly, the Court GRANTS Plaintiff's Motion for Leave to Proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915.  The Court further recommends that, for the reasons set forth above, this case be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, as failing to state a claim upon which relief may be granted, and as seeking relief from defendants who are immune from suit.

This is a Recommended Ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling should be filed within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2).

SO ORDERED, this   14th   day of January, 2015 at Bridgeport, Connecticut.

          /s/ *William I. Garfinkel*
          WILLIAM I. GARFINKEL
          United States Magistrate Judge